# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ENLAI ZHU, | **Civil Action No: 1:25-cv-06534-WMR** |
| *Plaintiff*, | |
| v. | |
| ANKASHA *et al.*, | |
| *Defendants*. | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT
## OF THE MOTION FOR DEFAULT JUDGMENT

Pursuant to Rules 55(a), 55(b) and 58(d) of the Federal Rules of Civil Procedure, Plaintiff, by and through its undersigned counsel, respectfully moves the Court for an entry of default and/or entry of final judgment against all Defendants identified on Schedule A attached hereto (collectively "Defaulting Defendants").

There are no allegations of joint liability or possibility of inconsistent liability between Defaulting Defendants as discussed herein, Plaintiff now moves for entry of a final default judgment against Defaulting Defendants.

## INTRODUCTION

Plaintiff filed its Complaint against Defendants for infringement on the Plaintiff's trademark on November 14, 2025. [ECF No. 1]. The Complaint alleges that Defendants created numerous e-commerce stores that are advertising, offering

for sale, and selling infringing and counterfeit Plaintiff's registered trademark products to unknowing consumers. *Id.* ¶ 2.

The time allowed for Defaulting Defendants to respond to the Complaint has expired. [ECF No. 11]. Defaulting Defendants have not been granted any extension of time to respond, nor have they filed Answer or other responsive pleadings. *See* Decl. of Palmer, ¶6, attached hereto as **Exhibit 1**. The prerequisites for a default judgment have been met. Plaintiff therefore seeks default judgment, finding Defaulting Defendants liable for trademark infringement.

## STATEMENT OF FACTS

### Plaintiff's Rights

Plaintiff is the owner of all rights, title and interest in the SHANGGUAN trademark, U.S. Trademark Registration No. 7,465,986. *See* [ECF No. 1-1]. The registration is valid, subsisting, unrevoked, unchallenged and uncancelled. [ECF No. 1, ¶ 9]. The registration for the SHANGGUAN trademark constitutes *prima facie* evidence of validity and of Plaintiff's exclusive right to use the SHANGGUAN trademark pursuant to 15 U.S.C. §1057(b). *Id.*

The success of the SHANGGUAN trademark has resulted in significant counterfeiting and infringement. Plaintiff has identified numerous unauthorized e-commerce stores offering infringing products on online marketplace platforms, including Walmart.com, operating under the Seller Aliases. *Id.* ¶ 12.

The SHANGGUAN trademark is a highly distinctive mark, and consumers have come to expect quality goods sold under it. *Id*. ¶ 25. Plaintiff has not licensed or otherwise authorized Defendants to use the SHANGGUAN trademark, and none of the Defendants is an authorized seller of genuine goods bearing the mark. *Id*. ¶¶ 16, 26.

**Defendants' Infringing Acts**

As alleged by Plaintiff, established by the evidence presented herein and admitted by default, Defaulting Defendants own, operate, or control the interactive, commercial Internet websites and supporting domains operating under the domain names identified on Schedule A. Thus, Defaulting Defendants are the active, conscious, and dominant forces behind promotion, advertisement, distribution, offering for sale, and/or sale of goods bearing and/or using the Plaintiff's registered mark. *See* [ECF No. 1, ¶¶ 21-22].

Further, as admitted by Defaulting Defendants through default, at all times relevant, Defaulting Defendants have had knowledge of Plaintiff's ownership of the mark, including its exclusive right to use and license the mark and the goodwill associated with the trademark. *See* [ECF No. 1, ¶¶ 21-22].

Defaulting Defendants have never been authorized to use the mark, and none of the Defaulting Defendants are authorized retailers of genuine products. Nonetheless, Defaulting Defendants have sold, offered to sell, marketed, distributed,

and advertised products using the trademark without Plaintiff's permission through internet stores operating under their Seller Aliases. Compl. [ECF No. 1, ¶¶ 15, 16].

Plaintiff reviewed and examined Defaulting Defendants' e-commerce storefronts and captured screenshots of webpages displaying products bearing the Plaintiff's registered mark offered under the Seller Aliases. *See* Infringing Evidence, [ECF Nos. 5-3, 5-4, and 5-5]. The Infringing Evidence establishes that Defaulting Defendants are engaged in the unauthorized promotion, advertisement, distribution, offering for sale, and sale of goods that bear or use counterfeits or infringements of the Plaintiff's registered mark. Consequently, Defaulting Defendants' willful, intentional, and unauthorized use of the mark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the infringing products among the general public.

## PROCEDURAL HISTORY

On November 14, 2025, Plaintiff filed its Complaint to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's trademark, U.S. Trademark Registration No. 7,465,986. *See* [ECF No. 1, ¶ 1].

On May 11, 2026, pursuant to the Court's Order [ECF No. 8] authorizing alternative service by email, Plaintiff sent an email to all Defendants identified on Schedule A, using the email addresses provided by third-party e-commerce

platforms, which included the Complaint [ECF No. 1], the Summons [ECF No. 10], and the link (https://cloud.palmerlawgroup.com/index.php/s/ynFWUQRJnkklgTY) to all relevant documents *See* [ECF No. 11].

The time allowed for Defendants to respond to the Complaint has expired. *See* Decl. of Palmer, Ex. 1, ¶ 5. The Defaulting Defendants have not filed any responsive pleadings to the Complaint. They have not been granted any extension of time to respond to the Complaint. Additionally, no counsel has filed a Notice of Appearance on their behalf, and they have not entered a formal appearance *pro se*. *Id*. ¶ 6. To Plaintiff's knowledge, none of Defaulting Defendants are infants or incompetent persons, and upon information and belief, the Servicemembers Civil Relief Act does not apply. *Id*. ¶ 7.

## ARGUMENT

### A. <u>Default Judgment Should be Entered Against Defaulting Defendants</u>

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a) – (b) and 28 U.S.C. § 1331. [ECF No. 1], at ¶ 5. This Court has personal jurisdiction over Defendants and venue is proper under 28 U.S.C. § 1391, as Defendants have directed their infringing activities toward consumers within this district through the use of interactive, commercial e-commerce websites and supporting domains operating under their Seller Aliases. [ECF No. 1, ¶¶ 6-7].

1. *Default Judgment is Proper*

"When a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Once the clerk enters a default, Rule 55(b)(2) allows the court to enter a default judgment. FED. R. CIV. P. 55(b)(2). "[I]t is well established that a 'district court has the authority to enter default judgment for failure ... to comply with its orders or rules of procedure."' *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1290 (S. D. Ala. 2010) (quoting *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985)). By its default, a party "admits the [opponent's] well-pleaded allegations of fact." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The court "must consider whether the unchallenged facts constitute a legitimate cause of action." *Joe Hand Promotions, Inc. v. ADJ Entity, LLC*, 2011 WL 4102314, at \*2 (M.D. Ga. Sept. 14, 2011). The court may grant default judgment on claims that are legally sufficient and supported by well-pleaded allegations. *See McCoy v. Johnson,* 176 F.R.D. 676,679 (N.D. Ga. 1997).

In the present case, the Complaint [ECF No. 1] and the Declaration of Palmer, attached hereto as **Exhibit 1**, clearly support that default judgment should be entered against Defaulting Defendants pursuant to Fed. R. Civ. P. 55.

## 2. *Factual Allegations Establish Defaulting Defendants' Liability*

Count One of the Complaint alleges that Defaulting Defendants infringed on Plaintiff's federally registered trademark in violation of 15 U.S.C. § 1114. The statutory provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(A).

Courts have interpreted this language to require that a plaintiff demonstrate a successful trademark infringement claim under Section 32 of the Lanham Act by establishing that: (1) a plaintiff had prior rights to the trademarks at issue, and (2) the defendants adopted a mark or name that was the same, or confusingly similar to the plaintiff's mark, such that consumers were likely to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

Count Two of the Complaint alleges that Defaulting Defendants violated Section 43(a) of the Lanham Act for false designation of origin. The statutory language provides that Plaintiff must prove that Defaulting Defendants used Plaintiff's Mark "in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin,

7

which is likely to deceive as to the affiliation, connection, or association" of Defaulting Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defaulting Defendants' goods by Plaintiff. 15 U.S.C. § 1125(a)(1). As with trademark infringement claims, the test for liability for false designation of origin under Section 43(a) is "whether the public is likely to be deceived or confused by the similarity of the marks at issue." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780, 112 S. Ct. 2753, 2763 (1992).

The facts detailed in the Complaint [ECF No. 1], specifically through Paragraphs 8-22, along with the infringing evidence [ECF Nos. 5-3, 5-4, and 5-5], substantiate the factual allegations. This allows the Court to conclude that Defaulting Defendants are liable for trademark infringement and false designation of origin as alleged. Therefore, Default Judgment should be entered against Defaulting Defendants pursuant to Fed. R. Civ. P. 55.

## B. **Plaintiff is Entitled to Relief**

### 1. *Entry of a Permanent Injunction is Appropriate*

Defaulting Defendants have failed to appear, respond, or otherwise participate in this proceeding, and the record establishes both ongoing infringement and a likelihood of continued harm to Plaintiff's SHANGGUAN mark absent injunctive relief. Plaintiff respectfully requests that the Court issue a permanent injunction as part of the Final Default Judgment. Pursuant to 15 U.S.C. § 1116(a), this Court is

authorized to issue a permanent injunction "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office."

Permanent injunctive relief is appropriate in Lanham Act cases, particularly where the defendant has defaulted and the plaintiff demonstrates ongoing infringement and a likelihood of future harm. *See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995); *See Angel Flight of Georgia, Inc. v. Angel Flight of America, Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008).

Here, continued sales of Counterfeit Products would erode the value of Plaintiff's SHANGGUAN mark, damage Plaintiff's reputation and goodwill, and diminish the market for genuine products. Plaintiff has no adequate remedy at law because it cannot control the quality of counterfeit goods distributed under its mark. Monetary damages alone are insufficient to remedy the ongoing harm to Plaintiff's reputation and goodwill. Defaulting Defendants suffer no cognizable hardship from an injunction, as they have no right to engage in infringing activity. Finally, the public interest favors injunctive relief to prevent consumer confusion and deception. *See Nike, Inc. v. Leslie*, No. 85-960 Civ-T-15, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior.").

Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and applicable Georgia law, Plaintiff requests that the Court order third-party ecommerce marketplaces and financial institutions holding assets of Defaulting Defendants to restrain, attach, and turn over such assets up to the amount of the judgment.

Rule 69(a) provides that execution of a money judgment shall follow the procedure of the state in which the court is located. *Branch Banking & Tr. Co. v. Ramsey*, 559 F. App'x 919, 924 (11th Cir. 2014) (The 11th Circuit has recognized that "Rule 69(a) also provides that '[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.'"). Further, Georgia law authorizes garnishment and turnover proceedings to satisfy judgments. *See* O.C.G.A. § 18-4-1 *et seq & § 9-11-69; see also Chevrolet v. Tifton Suzuki, Inc.*, No. 7:07-CV-147 (WLS), 2009 U.S. Dist. LEXIS 145014, at *17 (M.D. Ga. Feb. 23, 2009) ("The relevant Georgia statute, O.C.G.A. § 9-11-69, is substantially similar to Fed. R. Civ. P. 69.").

Defaulting Defendants in the present case are foreign entities operating anonymously through online marketplaces, who are engaged in the sale of counterfeit goods but have failed to appear in this action. Given Defaulting Defendants' anonymous foreign status and default, direct turnover orders to third-party platforms are the only practical enforcement mechanism available.

Therefore, Plaintiff respectfully requests that the Court **(i)** enter a permanent injunction prohibiting Defaulting Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, from further infringing Plaintiff's SHANGGUAN trademark; and **(ii)** order the restraint, attachment, and turnover of Defaulting Defendants' assets held by Marketplaces and/or Financial Institutions, up to the amount of the judgment, in full or partial satisfaction of the damages award.

2. *Statutory Damages for Trademark Infringing*

Congress enacted a statutory damages remedy in trademark counterfeiting cases for the purpose of strengthening "the hand of businesses harmed by counterfeiters by updating existing statutes and providing stronger civil penalties against counterfeiters, including civil fines tied to the value of genuine goods and statutory damage awards of up to $1,000,000 per mark." S. REP. NO. 104-177, pt. I (1995). This bill permitted statutory damages because evidence of a defendant's profits in these cases is almost impossible to ascertain. *See, e.g.*, S. REP. NO. 104-177, pt. V (7) (1995). In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark, per type of good. 15 U.S.C. § 1117(c)(1). If the

Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark, per type of good. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff elects to recover an award of statutory damages as to Count I of the Complaint.

District courts have a wide discretion to set an amount of statutory damages. *PetMed Express, Inc*., 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc*., 902 F.2d 829, 852 (11th Cir. 1990). Therefore, even where a plaintiff may not be able to provide actual damages as a result of a defendant's infringement, an award of statutory damages is an appropriate remedy. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent."); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "[e]specially appropriate in default judgment cases due to infringer nondisclosure").

Statutory damages are essential not only when a trademark's goodwill continues to suffer but also when plaintiff cannot access crucial sales data. This is particularly true in cases where discovery is unavailable and information on the defendants' sales and profits remains elusive. Defendants who default by failing to appear or respond to litigation should not be allowed to escape liability simply

because they may be avoiding or showing contempt for the judicial process. This makes the application of statutory damages especially pertinent.

In the instant case, Plaintiff has detailed how Defendants have infringed on Plaintiff's trademark by advertising, offering for sale, and selling counterfeit or infringing products through its e-commerce storefront on Walmart.com, often at reduced prices, to U.S. consumers, including Florida residents. *See* Complaint [ECF No. 1, ¶¶ 10–22]. Defendants' actions have caused and continue to cause harm to the brand. [ECF No. 1, ¶¶ 2, 12-28].

"In its broad discretion for determining statutory damages, the district court should consider both the willfulness of the defendant's conduct and the deterrent value of the sanction imposed." *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 852 (11th Cir. 1990). Willfulness is established where "the infringer acted with actual knowledge or reckless disregard' of a plaintiff's intellectual property rights." *Northstar Moving Holding Co., Inc. v. Lines*, No. 0:19-cv-62176-DIMITROULEAS/S, 2021 LX 47839, at *32 (S.D. Fla. Dec. 22, 2021); *see also Petmed Express, Inc.*, 336 F. Supp. 2d at 1220. Willfulness may also be inferred from the defendant's default. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1217 (upon default, "the factual allegations in Plaintiff's Complaint are taken as true"). In either case, a defendant is deemed to have the requisite knowledge that its acts constitute an infringement.

In the instant case, Plaintiff has established that it owns the federally registered and distinctive SHANGGUAN mark (U.S. Reg. No. 7,465,986) and that genuine goods bearing the SHANGGUAN mark are offered for sale on the e-commerce marketplace Walmart.com. As evidenced by the materials reviewed by Plaintiff and submitted to this Court, Defaulting Defendants also selected Walmart.com to market, advertise, and sell items branded as "SHANGGUAN" without Plaintiff's permission. Plaintiff has determined that Defendants were not authorized to sell under Plaintiff's mark due to the absence of any licensing agreement with Defaulting Defendants, and because the listings did not suggest the products were engaged in reselling SHANGGUAN products.

Defaulting Defendants offered products bearing marks identical or substantially indistinguishable from the SHANGGUAN mark on the same e-commerce platforms through which Plaintiff markets and sells its products. Defendants also offered similar products at significantly reduced prices. Such conduct is likely intended to cause consumer confusion and to capitalize on the goodwill and reputation associated with the SHANGGUAN mark. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer damage to the goodwill associated with the SHANGGUAN mark, the full extent of which is difficult to quantify. Accordingly, the circumstances support a finding of willful infringement.

Plaintiff respectfully requests this Court to award the statutory award of damages in the amount of $15,000 per mark per type of goods against each Defaulting Defendant. Plaintiffs in prior cases with similar circumstances have been awarded the statutory award of damages. *See Spin Master Ltd. v. Aishgjia*, No. 1:25-CV-05445-JPB, 2026 LX 11306, at *10 (N.D. Ga. Jan. 8, 2026); *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1476 (11th Cir. 1991); *Shenzhen Aifasite Electronic Commerce Co., Ltd. v. The Partnership*, Case No.: 0:23-cv-61018 (S.D.Fla., Nov. 20, 2023); *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.*, 2004 LEXIS 22563, at *19-20 (N.D. Ill. Feb. 25, 2005).

The requested award of $15,000 per mark per type of goods in statutory damages against each Defaulting Defendant is both justified and within the statutory limits, aimed at fully compensating the Plaintiff for lost sales and diminished goodwill associated with the SHANGGUAN brand. Furthermore, this amount is critical in covering the substantial costs incurred in the investigation and legal action against the counterfeiting activities. Such an award not only addresses the financial impact on the Plaintiff but also serves as a strong deterrent against future infringing activities by Defaulting Defendants or others, in line with the objectives set forth under 15 U.S.C. § 1117(c). *See* Joint Statement of Trademark Counterfeiting Legislation, H.R.J. Res. 648, 98th Cong., 2nd Sess., 130 Cong.Rec. H12076, H12083; *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1222 ("statutory damages

15

under § 1117(c) are intended not just for compensation for losses, but also to punish and deter wrongful conduct.").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter a Final Default Judgment against the fifty-three (53) Defaulting Defendants identified herein, consistent with the proposed orders on Plaintiff's Motion for Final Default Judgment, and issue a Permanent Injunction as part of the Final Default Judgment.

June 22, 2026.

Respectfully submitted,

/s/ Andrew Palmer
Andrew J. Palmer
Palmer Law Group, P.A.
110 East Broward Blvd, Suite 1700
Fort Lauderdale, FL 33301
Phone: 954-771-7050
ajpalmer@palmerlawgroup.com
***Attorney for Plaintiff***

## CERTIFICATE OF FONT & SIZE SELECTION

Pursuant to LR 7. 1(D), I certify that this paper was prepared with one of the font and point selections approved by the Court in LR 5.1(B).

June 22, 2026.                    Respectfully submitted,

                                  /s/ Andrew Palmer
                                  Andrew J. Palmer

# List of Defendants (53 Defendants)

| Def. #. | Seller Aliases | Defendants' Walmart Store URLs |
|---|---|---|
| 1 | ankasha | https://www.walmart.com/global/seller/101591010 |
| 2 | akapiao | https://www.walmart.com/global/seller/102512090 |
| 3 | feiliansheng | https://www.walmart.com/global/seller/102488721 |
| 4 | Homelifegood | https://www.walmart.com/global/seller/101177866 |
| 5 | huajuming | https://www.walmart.com/global/seller/102507939 |
| 6 | jianteyi | https://www.walmart.com/global/seller/101677879 |
| 7 | Lierteer Homelife | https://www.walmart.com/global/seller/101137320 |
| 8 | luolangdi | https://www.walmart.com/global/seller/101551870 |
| 9 | Smarthome | https://www.walmart.com/global/seller/101111998 |
| 10 | meiduo | https://www.walmart.com/global/seller/102641461 |
| 11 | Spshop | https://www.walmart.com/global/seller/101623517 |
| 12 | Yafix | https://www.walmart.com/global/seller/101252564 |
| 13 | Lanfini | https://www.walmart.com/global/seller/101197872 |
| 14 | dabailunkeji | https://www.walmart.com/global/seller/101554926 |
| 15 | Smile Home | https://www.walmart.com/global/seller/101275513 |
| 16 | Beauty home | https://www.walmart.com/global/seller/101112644 |
| 17 | yuedadang | https://www.walmart.com/global/seller/102619346 |
| 18 | Zelenfel | https://www.walmart.com/global/seller/101647623 |
| 19 | KABUDA | https://www.walmart.com/global/seller/101127803 |
| 20 | yashili | https://www.walmart.com/global/seller/102486764 |
| 21 | taituoti | https://www.walmart.com/global/seller/101590202 |
| 22 | fangkenuo | https://www.walmart.com/global/seller/102507863 |
| 23 | AFQH | https://www.walmart.com/global/seller/101591015 |
| 24 | Homecarall | https://www.walmart.com/global/seller/101127817 |
| 25 | Goodhd | https://www.walmart.com/global/seller/101138045 |
| 26 | Lylong | https://www.walmart.com/global/seller/101677690 |
| 27 | Ofenier | https://www.walmart.com/global/seller/101105703 |
| 28 | BUYSIS TRADE | https://www.walmart.com/global/seller/101188285 |
| 29 | RichLink | https://www.walmart.com/global/seller/102516068 |
| 30 | hongsidarui | https://www.walmart.com/global/seller/102507532 |
| 31 | Hanifel | https://www.walmart.com/global/seller/101199439 |
| 32 | laisenwei | https://www.walmart.com/global/seller/102487758 |
| 33 | feidakeer | https://www.walmart.com/global/seller/102498292 |
| 34 | SWANG | https://www.walmart.com/global/seller/102561191 |
| 35 | Haimni | https://www.walmart.com/global/seller/101565846 |
| 36 | Wuweikeji | https://www.walmart.com/global/seller/101591064 |

| | | |
|---|---|---|
| **37** | Zeraneb | https://www.walmart.com/global/seller/101582657 |
| **38** | Sufanic | https://www.walmart.com/global/seller/101138308 |
| **39** | Bosisa | https://www.walmart.com/global/seller/101556227 |
| **40** | JoyPulse | https://www.walmart.com/global/seller/101350060 |
| **41** | Benafini | https://www.walmart.com/global/seller/101105705 |
| **42** | diluopei | https://www.walmart.com/global/seller/102494757 |
| **43** | Mingyiq Inc | https://www.walmart.com/global/seller/101137305 |
| **44** | nuoyada | https://www.walmart.com/global/seller/102506227 |
| **45** | YFind | https://www.walmart.com/global/seller/102515853 |
| **46** | chengsi | https://www.walmart.com/global/seller/101591838 |
| **47** | Just 4U | https://www.walmart.com/global/seller/101103056 |
| **48** | nuoxiang | https://www.walmart.com/global/seller/102568260 |
| **49** | SOFEIYA HOME | https://www.walmart.com/global/seller/101556636 |
| **50** | Sucyfini | https://www.walmart.com/global/seller/101084863 |
| **51** | Hmoddpon | https://www.walmart.com/global/seller/101485859 |
| **52** | zhimaoxi | https://www.walmart.com/global/seller/102486768 |
| **53** | jukekeji | https://www.walmart.com/global/seller/102516944 |